## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| DOUG AND MIKA RACE, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 3:25-CV-00034 |
| CITY OF PIGEON FORGE, TENNESSEE, MAYOR DAVID WEAR, in both his official and personal capacities, APPALACHIAN SPRINGS, LLC, DAVID WEAR, KEESHA WEAR, JOHN WEAR, RICHARD PERRY and DEBBIE PERRY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS CITY OF PIGEON FORGE AND DAVID WEAR'S ANSWER TO FIRST AMENDED COMPLAINT

The Defendants, City of Pigeon Forge, Tennessee, and David Wear in his official and individual capacity, hereby appear, by and through counsel, and for their answer to the First Amended Complaint filed against them state as follows:

1. The allegations in Paragraph 1 of the Plaintiffs' Amended Complaint are admitted upon information and belief.

2. The allegations in Paragraph 2 of the Plaintiffs' Amended Complaint are admitted.

3. As to the allegations in Paragraph 3 of the Plaintiffs' Amended Complaint, it is admitted that David Wear is the Mayor of the City of Pigeon Forge. It is denied that David Wear is the Chief Executive Officer of the City of Pigeon Forge. It is admitted that David Wear is a resident of Sevier County, and it is admitted that Mr. Wear is Vice President of Operations at the Island in Pigeon Forge. Any other allegations in Paragraph 3 of the Plaintiffs' Amended Complaint are denied.

4. Paragraph 4 of the Plaintiffs' Amended Complaint appears to be blank. Any allegations contained in Paragraph 4 of the Plaintiffs' Amended Complaint are denied.

5. The allegations in Paragraph 5 of the Plaintiffs' Amended Complaint are admitted upon information and belief.

6. The allegations in Paragraph 6 of the Plaintiffs' Amended Complaint are admitted. However, it is denied that Keesha Wear is a proper party to this action.

7. As to the allegations in Paragraph 7 of the Plaintiffs' Amended Complaint, it is admitted that John Wear is the brother of David Wear. The Defendants lack information sufficient to form a belief as to whether John Wear is currently a member of Appalachian Springs, LLC or Signature Development, LLC. It is further admitted that John Wear is a resident of Sevier County, Tennessee. Any other allegations in Paragraph 7 of the Plaintiffs' Amended Complaint are denied.

8. As to the allegations in Paragraph 8 of the Plaintiffs' Amended Complaint, it is admitted upon information and belief that Richard Perry is a certified public accountant and a member of Appalachian Springs, LLC. These Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations regarding the county of residence for Richard Perry. Any other allegations in Paragraph 8 of the Plaintiffs' Amended Complaint are denied.

9. As to the allegations in Paragraph 9 of the Plaintiffs' Amended Complaint, it is admitted upon information and belief that Debbie Perry is a member of Appalachian Springs, LLC. These Defendants lack information sufficient to form a belief as to the county of residence of Defendant Debbie Perry. Any other allegations in Paragraph 9 of the Plaintiffs' Amended Complaint are denied.

10. As to the allegations in Paragraph 10 of the Plaintiffs' Amended Complaint, venue is not contested. The Defendants contest that this Court has subject matter jurisdiction over this

action. The Defendants affirmatively allege that this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine, and that it should abstain from adjudicating this action pursuant to the *Younger* and *Colorado River* abstention doctrines. Any other allegations in Paragraph 10 of the Plaintiffs' Amended Complaint are denied. It is further denied that diversity jurisdiction exists because the Plaintiffs do not assert any claims under state law.

11. As to the allegations in Paragraph 11 of the Plaintiffs' Amended Complaint, the Defendants rely upon the documents in the land records, but otherwise lack information sufficient to form a belief as to the truth or falsity of the specific dates and allegations contained in Paragraph 11 of the Plaintiffs' Amended Complaint. These allegations are therefore denied, and strict proof is demanded thereof.

12. As to the allegations in Paragraph 12 of the Plaintiffs' Amended Complaint, the Defendants rely upon the documents in the land records but otherwise lack information sufficient to form a belief as to the truth or falsity of the specific dates and allegations contained in Paragraph 12 of the Plaintiffs' Amended Complaint. These allegations are therefore denied, and strict proof is demanded thereof.

13. As to the allegations in Paragraph 13 of the Plaintiffs' Amended Complaint, the Defendants rely upon the documents in the land records but otherwise lack information sufficient to form a belief as to the truth or falsity of the specific dates and allegations contained in Paragraph 13 of the Plaintiffs' Amended Complaint. These allegations are therefore denied, and strict proof is demanded thereof.

14. As to the allegations in Paragraph 14 of the Plaintiffs' Amended Complaint, the Defendants rely upon the documents in the land records but otherwise lack information sufficient to form a belief as to the truth or falsity of the specific dates and allegations contained in Paragraph

14 of the Plaintiffs' Amended Complaint. These allegations are therefore denied, and strict proof is demanded thereof.

15. The allegations in Paragraph 15 of the Plaintiffs' Amended complaint are admitted upon information and belief. These Defendants rely upon the permitting records which are the best evidence of the information contained therein.

16. As to the allegations in Paragraph 16 of the Plaintiffs' Amended Complaint, it is denied that entity was organized on August 8, 2019. The remaining allegations in Paragraph 16 are admitted.

17. As to the allegations in Paragraph 17 of the Plaintiffs' Amended Complaint, the Defendants rely upon the documents in the land records, but otherwise lack information sufficient to form a belief as to the truth or falsity of the specific dates and allegations contained in Paragraph 17 of the Plaintiffs' Amended Complaint. These allegations are therefore denied, and strict proof is demanded thereof.

18. As to the allegations in Paragraph 18 of the Plaintiffs' Amended complaint, it is denied that David Wear owned or had any membership interest in Signature Development, LLC. These Defendants lack information sufficient to form a belief as to the remainder of the allegations in Paragraph 18 of the Plaintiffs' Amended Complaint. These Defendants rely on the permitting records, which are the best evidence of the information contained therein.

19. As the allegations in Paragraph 19 of the Plaintiffs' Amended Complaint, it is admitted that the property in question is zoned C-6. Any other allegations in Paragraph 19 of the Plaintiffs' Amended complaint are denied.

20. The allegations in Paragraph 20 of the Plaintiffs' Amended Complaint are generally admitted. The Defendants rely upon the cited deed and the land records, which are the best evidence of the information contained therein.

21. The Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Plaintiffs' Amended Complaint. Those allegations are therefore denied, and strict proof is demanded thereof.

22. As to the allegations in Paragraph 22 of the Plaintiffs' Amended Complaint, it is admitted that the property in question is located in a C-6 zoning district and has been located in a C-6 zoning district at all times relevant. It is further admitted that the property is in close proximity to the parkway in Pigeon Forge. As to the remaining allegations in Paragraph 22, these Defendants lack information sufficient to form a belief as to the truth or falsity of those allegations. Those allegations are therefore denied, and strict proof is demanded thereof.

23. As to the allegations in Paragraph 23 of the Plaintiffs' Amended Complaint, it is admitted upon information and belief that the property was in disrepair. As to the remaining allegations in Paragraph 23 of the Plaintiffs' Amended Complaint, these Defendants lack information sufficient to form a belief as to the truth or falsity of those allegations. Those allegations are therefore denied, and strict proof is demanded thereof.

24. As to the allegations in Paragraph 24 of the Plaintiffs' Amended Complaint, it is denied that Defendant Wear instructed the Races' neighbor to call them. As to the remaining allegations in Paragraph 24, these Defendants lack information sufficient to form a belief to the truth or falsity of those allegations. Those allegations are therefore denied, and strict proof is demanded thereof.

25. As to the allegations in Paragraph 25 of the Plaintiffs' Amended Complaint, it is admitted that the Plaintiffs spoke with Assistant City Manager Eric Brackins. All remaining allegations in Paragraph 25 are denied.

26. As to the allegations in Paragraph 26 of the Plaintiffs' Amended Complaint, the door hangers and public notice documents speak for themselves. It is admitted that Assistant City Manager Eric Brackins hung door hangers on properties that could be impacted by the Westside Connector in October of 2021. It is admitted upon information and belief that Barbara McWhorter was the owner of the property at this time. It is further admitted that the property in question was going to be impacted by the Westside connector depending on the route selection. All other allegations in Paragraph 26 of the Plaintiffs' Amended Complaint are denied.

27. As to the allegations in Paragraph 27 of the Plaintiffs' Amended Complaint, it is admitted that the City works with Crook & Company and Ed Crook to perform negotiations for right of way acquisition for roadway construction and other public works projects. It is admitted upon information and belief that Mr. Crook or Mr. Crook's staff made contact with the Plaintiffs in an attempt to reach a negotiated resolution. Any other allegations in Paragraph 27 of the Plaintiffs' Amended Complaint are denied.

28. The allegations in Paragraph 28 of the Plaintiffs' Amended Complaint are generally admitted to the extent that these allegations attempt to describe the substance of the conversation between the Races and Assistant City Manager Eric Brackins in or around March of 2023. It is denied that the City violated eminent domain law or state condemnation law in any fashion. Any other allegations in Paragraph 28 of the Plaintiffs' Amended Complaint are denied.

29. The allegations in Paragraph 29 of the Plaintiffs' Amended Complaint are inadequately specific to permit a response. Further, it is specifically denied that the property

located at 912 Bud Lane, Pigeon Forge, Tennessee, was located in or near the pathway of the Westside Connector. All other allegations in Paragraph 29 of the Plaintiffs' Amended Complaint are denied as stated and strict proof is demanded thereof.

30. As to the allegations in Paragraph 30 of the Plaintiffs' Amended Complaint, the cited and attached email communication speaks for itself and is the best evidence thereof. Any aspect of Paragraph 30 that is inconsistent with the text of that email is denied.

31. As to the allegations in Paragraph 31 of the Plaintiffs' Amended Complaint, the cited and attached article from the Mountain Press speaks for itself. It is the best evidence of the statements contained therein. The Defendants specifically reserve the right to contest the accuracy of the quotation contained within that Mountain Press article. Regardless, it is affirmatively averred that David Wear had dissolved his interest in Appalachian Springs, LLC prior to October 28, 2021, and attributed to David Wear that the quoted statement by Mayor Wear was accurate in substance. Any other allegations in Paragraph 31 of the Plaintiffs' Amended Complaint are denied.

32. As to the allegations in Paragraph 32 of the Plaintiffs' Amended Complaint, it is admitted that a Stormwater Pollution Prevention Plan was submitted and approved by the Tennessee Department of Environment and Conservation. It is denied that that Stormwater Pollution Prevention Plan "clearly shows that the Races' property would be needed for [the] campground." Any other allegations in Paragraph 32 of the Plaintiffs' Complaint are denied.

33. As to the allegations in Paragraph 33 of the Plaintiffs' Amended Complaint, those allegations cannot be responded to at this point as the Plaintiffs have failed to serve a copy of Exhibit J on the Defendants. Further, as of the time of the submission of this Answer, Exhibit J has not been filed with the Clerk of Court. The Defendants are entitled to receipt and review of the cited exhibit prior to providing response to the subject allegations. Regardless, it is generally

admitted that a phone conversation occurred between David Wear and Mika Race in or around March of 2023. It is further admitted that Mr. Wear communicated to Ms. Race that previous owner, Barbara McWhorter, knew or should have known that the property was going to be potentially impacted by the Westside Connector. It is further admitted that route maps for the Westside Connector have been displayed in City Hall for several years, and that those route maps have been updated from time to time as planning has changed. It is denied that the City has received or used federal funds of any kind for the Westside Connector. Any other allegations in Paragraph 33 of the Plaintiffs' Amended Complaint are denied.

34. As to the allegations in Paragraph 34 of the Plaintiffs' Amended Complaint, it is admitted that route maps for the Westside Connector have hung in City Hall for several years, and that those route maps have been updated with new information regarding route planning and engineered drawings. It is denied that the City has received or used federal funds of any kind for the Westside Connector. It is further denied that the Westside Connector "will not be built and cannot be built[.]" Any other allegations in Paragraph 34 of the Plaintiffs' Amended Complaint are denied.

35. As to the allegations in Paragraph 35 of the Plaintiffs' Amended Complaint, it is admitted that the Plaintiffs appeared at several City Commission meetings and otherwise communicated regarding the Westside Connector and the acquisition of their property through social media. As to the remaining allegations in Paragraph 35 of the Plaintiffs' Amended Complaint, these defendants lack information sufficient to form a belief as to the truth or falsity of those allegations. Those allegations are therefore denied, and strict proof is demanded thereof.

36. As to the allegations in Paragraph 36 of the Plaintiffs' Amended Complaint, it is admitted that the Plaintiffs communicated regarding the Westside Connector and the acquisition

of their property through social media. It is denied that the City or David Wear attempted to "silence" the Plaintiffs, and it is further denied that David Wear made a targeted deletion of any individual comments from the Facebook page titled "Mayor David Wear, City of Pigeon Forge." All other allegations in Paragraph 36 of the Plaintiffs' Amended Complaint are denied.

37. As to the allegations in Paragraph 37 of the Plaintiffs' Amended Complaint, it is denied that David Wear was elected to be the Mayor of the City of Pigeon Forge. The Mayor is chosen by the members of the City Commission. Mayor David Wear was elected to be a member of City Commission and then was subsequently named mayor by a majority vote of the sitting members of the City Commission. It is admitted that the City operates under the City Manager Commission charter. The remainder of Paragraph 37 constitutes legal allegations which are not properly pled. All remaining allegations in Paragraph 37 of the Plaintiffs' Amended Complaint are therefore denied.

38. Paragraph 38 of the Plaintiffs' Amended Complaint constitutes legal allegations which are not properly pled. Those allegations are therefore denied. It is denied that the City violated the terms of its charter or violated state law in any way.

39. As to the allegations in Paragraph 39 of the Plaintiffs' Amended Complaint, it is denied that the City has violated the terms of its charter or state law, or that it has acted *ultra vires* in any way. The door hangers and public notices provided regarding the Westside Connector speak for themselves and are the best evidence of the information contained therein. It is admitted that those documents provided notice to property owners that could be impacted by the Westside Connector, depending on route choice. Any other allegations in Paragraph 39 of the Plaintiffs' Amended Complaint are denied.

40. The allegations in Paragraph 40 of the Plaintiffs' Amended Complaint constitute legal allegations which are not properly pled. It is denied that the City failed to provide adequate legal notice. All allegations in Paragraph 40 of the Plaintiffs' Amended Complaint are denied.

41. As to the allegations in Paragraph 41 of the Plaintiffs' Complaint, it is admitted that the City retained CDM Smith to provide engineering services for the Westside Connector. The remainder of the allegations in Paragraph 41 of the Plaintiffs' Amended Complaint constitute legal allegations which are not properly pled. Those allegations are therefore denied.

42. Paragraph 42 of the Plaintiffs' Amended Complaint appears to be a factual summation of a separate case from the Tennessee Court of Appeals. It is denied that this case is applicable to the instant matter in any way. The allegations in Paragraph 42 of the Plaintiff's Amended Complaint are therefore denied.

43. As to the allegations in Paragraph 43 of the Plaintiffs' Amended Complaint, it is denied that Tenn. Code Ann. § 13-16-207(f) is applicable to this lawsuit in any way. The allegations in Paragraph 43 of the Plaintiffs' Amended Complaint constitute legal allegations which are not properly pled. The allegations in Paragraph 43 of the Plaintiffs' Amended Complaint are denied.

44. The allegations in Paragraph 44 of the Plaintiffs' Amended Complaint constitute legal allegations which are not properly pled. The Defendants rely upon the cited statutory language, which speaks for itself. The allegations in Paragraph 44 of the Plaintiffs' Amended Complaint are therefore denied.

45. The allegations in Paragraph 45 of the Plaintiffs' Amended Complaint constitute legal allegations which are not properly pled. The Defendants rely upon the cited constitutional provisions, which speak for themselves. The allegations in Paragraph 45 of the Plaintiffs' Amended Complaint are therefore denied.

46. Paragraph 46 of the Plaintiffs' Amended Complaint contains legal allegations which are not properly pled. All allegations in Paragraph 46 of the Plaintiffs' Amended Complaint are denied.

47. Paragraph 47 of the Plaintiffs' Complaint contains legal allegations which are not properly pled. It is specifically denied that the provisions of Tennessee law cited in the last three lines of Paragraph 47 are applicable to this action in any way. The allegations in Paragraph 47 of the Plaintiffs' Amended Complaint are denied.

48. The allegations in Paragraph 48 of the Plaintiffs' Amended Complaint are admitted.

49. Paragraph 49 of the Plaintiffs' Amended Complaint constitutes legal allegations which are not properly pled. It is denied that Paragraph 49 is an accurate statement of applicable provisions of Tennessee law. The allegations in Paragraph 49 are therefore denied.

50. Paragraph 50 of the Plaintiffs' Amended Complaint contains legal allegations which are not properly pled. It is denied that Paragraph 50 is an accurate statement of applicable provisions of Tennessee law. The allegations in Paragraph 50 are therefore denied.

51. Paragraph 51 of the Plaintiffs' Amended Complaint contains legal allegations which are not properly pled. It is denied that the City failed to comply with applicable provisions of Tennessee law with respect to the acquisition of the subject property. Any other allegations in Paragraph 51 of the Plaintiffs' Amended Complaint are therefore denied.

52. The allegations in Paragraph 52 of the Plaintiffs' Amended Complaint are denied.

53. The allegations in Paragraph 53 are not supported by the cited Exhibit L, which appears to be a different email than the one referenced in the quoted provision contained within Paragraph 53. Without being provided a copy of the cited email, the Defendants cannot adequately

respond to the allegations in Paragraph 53. Those allegations are therefore denied as stated and strict proof is demanded thereof.

54. As to the allegations in Paragraph 54 of the Plaintiffs' Amended Complaint, it is admitted that after being adjudged and awarded possession of the property pursuant to an agreed Order of Possession, the residence on the property has been destroyed in preparation for eventual construction of the Westside Connector through that property. Any other allegations in Paragraph 54 of the Plaintiffs' Amended Complaint are denied.

55. As to the allegations in Paragraph 55 of the Plaintiffs' Amended Complaint, the cited statement by City Manager Earlene Teaster speaks for itself. It is affirmatively averred that the City made a constitutionally sufficient and adequate offer of just compensation. It is further averred that the Circuit Court proceedings will result in a determination of just compensation. All other allegations in Paragraph 55 of the Plaintiffs' Amended Complaint are denied.

56. The allegations in Paragraph 56 of the Plaintiffs' Amended Complaint are denied.

57. The Defendants restate and reincorporate their responses to all above paragraphs herein.

58. As to the allegations in Paragraph 58 of the Plaintiffs' Amended Complaint, it is admitted that the actions taken by the City of Pigeon Forge and Defendant David Wear were under color of law. It is denied that any of the other defendants to this case were acting under color of law.

59. Paragraph 59 of the Plaintiffs' Amended Complaint contains legal allegations which are not properly pled. It is denied that the Defendants acted wrongfully in any way. All other allegations in Paragraph 59 of the Plaintiffs' Amended Complaint are denied.

60. The allegations in Paragraph 60 of the Plaintiffs' Amended Complaint are denied. It is specifically denied that Defendants Keesha Wear, John Wear, Richard Perry, Debbie Perry or Appalachian Springs, LLC were acting under color of law at any time relevant to this action.

61. The allegations in Paragraph 61 of the Plaintiffs' Amended Complaint are denied.

62. The allegations in Paragraph 62 of the Plaintiffs' Amended Complaint are denied.

63. The allegations in Paragraph 63 of the Plaintiffs' Amended Complaint are denied.

64. The Defendants restate and reincorporate their responses to all above paragraphs herein.

65. As to the allegations in Paragraph 65 of the Plaintiffs' Amended Complaint, it is denied that the Defendants acted wrongfully in any way. All other allegations in Paragraph 65 of the Plaintiffs' Amended Complaint are denied.

66. As to the allegations in Paragraph 66 of the Plaintiffs' Amended Complaint, it is denied that the Defendants acted wrongfully in any way. All other allegations in Paragraph 66 of the Plaintiffs' Amended Complaint are denied.

67. The allegations in Paragraph 67 of the Plaintiffs' Amended Complaint are denied.

68. The allegations in Paragraph 68 of the Plaintiffs' Amended Complaint are denied.

69. Plaintiffs' prayer for relief is without merit and should be denied in full. The Plaintiffs are not entitled to relief of any kind in this action.

70. These Defendants request a jury to try all matters in this cause of action as it now stands. These Defendants reserve the right to modify or withdraw this jury demand as this action progresses, or in response to any amendments to the pleadings in this matter.

71. The First Amended Complaint fails to state a claim upon which relief may be granted against these Defendants, and the First Amended Complaint should be dismissed against these Defendants in its entirety.

72. It is affirmatively maintained that individually-named Defendant David Wear is entitled to qualified immunity as it relates to any and all claims raised against him in his individual capacity. Defendant Wear's actions were at all times reasonable under the circumstances confronted and in light of clearly established law. He is entitled to qualified immunity as a matter of law.

73. These Defendants affirmatively assert and raise the Tennessee Governmental Tort Liability Act as a defense along with any and all immunities to which they may be entitled pursuant to said Act as the same is found at Tenn. Code Ann. § 29-20-101, *et seq*.

74. These Defendants affirmatively maintain that they are entitled to a recovery of all costs in this cause allowable by law, including, but not limited to, attorneys' fees and discretionary costs as the same may be set out in 42 U.S.C. § 1988, 28 U.S.C. § 1927, Tenn. Code Ann. § 29-20-113, and/or any other law that would entitle Defendants to such a recovery.

75. These Defendants rely upon and affirmatively assert Tennessee's common law good faith qualified immunity doctrine. These Defendants' actions were reasonable under the circumstances, and they should be entitled to dismissal of the claims maintained against them.

76. These Defendants affirmatively aver that this Court lacks subject matter jurisdiction to adjudicate this action. The Circuit Court for Sevier County, Tennessee has already adjudicated and issued a judgment on the issue of public use, finding that the taking in question was supported by a constitutionally sufficient public purpose. Given that existing state court judgment, this court lacks subject matter jurisdiction to adjudicate all of the Plaintiffs' causes of

action pursuant to the *Rooker-Feldman* doctrine. Further, these Defendants affirmatively assert that this Court should abstain from adjudicating this action given the pending proceedings in Sevier County Circuit Court pursuant to the abstention doctrines in *Younger* and *Colorado River*. This Court should dismiss this matter for lack of subject matter jurisdiction.

77. To the extent that the Plaintiffs assert that these Defendants violated their Fourteenth Amendment due process rights by not complying with Tennessee law, such an action is not cognizable under § 1983, as federal law does not provide a remedy for an alleged failure to comply with state law. *See Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710 (6th Cir. 1989).

78. Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

79. These Defendants expressly state their intent to file a motion to dismiss this action or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) consistent with the response and defenses raised herein.

80. These Defendants reserve the right to amend their Answer as this action progresses.

RESPECTFULLY submitted this 18th day of June, 2025.

                                        CITY OF PIGEON FORGE, TENNESSEE
                                        and DAVID WEAR

By:    /s/Brian R. Bibb
        BRIAN R. BIBB, BPR NO. 031024
        WATSON, ROACH, BATSON
         & LAUDERBACK, P.L.C.
        1500 Riverview Tower
        900 South Gay Street
        P.O. Box 131
        Knoxville, TN 37901-0131
        865-637-1700
        bbibb@watsonroach.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

Russ Egli
The Egli Law Firm
11109 Lake Ridge Drive FL3
Knoxville, TN 37934
theeglielawfirm@gmail.com

Dated this 18th day of June, 2025.

                                        /s/Brian R. Bibb
                                        BRIAN R. BIBB, BPR NO. 031024