**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

DOUG AND MIKA RACE,

Plaintiffs,

v. No. 3:25-CV-00034

CITY OF PIGEON FORGE, TENNESSEE, MAYOR DAVID WEAR, APPALACHIAN SPRINGS, LLC, DAVID WEAR, KEESHA WEAR, JOHN WEAR, RICHARD PERRY, and DEBBIE PERRY

Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT**

Plaintiffs Doug and Mika Race, by and through counsel, respectfully submit this Reply in Support of their Motion to Strike Portions of Defendants' Answer to the First Amended Complaint and in response to Defendants City of Pigeon Forge and Mayor David Wear's Response in Opposition [Doc. 23].

I. INTRODUCTION

Defendants begin their response by challenging certain case citations in Plaintiffs' motion. While Plaintiffs acknowledge and regret any citation errors[1] that may have occurred; these technical issues do not alter the fundamental legal standards governing motions to strike under Federal Rule of Civil Procedure 12(f), nor do they cure the substantive deficiencies in Defendants' Answer. The core legal principles—that Rule 12(f) permits striking immaterial, impertinent, and redundant matter, and that affirmative defenses must provide fair notice—remain well-established regardless of any citation inaccuracies.

[1] Defendants devote significant time to citation discrepancies while mischaracterizing these as evidence of wholesale misrepresentation. Any citation errors appear to be typographical mistakes, not intentional misrepresentations of legal authority.

More importantly, Defendants' focus on citation technicalities deflects from the central issue: their Answer contains numerous boilerplate denials and conclusory affirmative defenses that fail to provide fair notice and serve only to burden Plaintiffs with unnecessary litigation costs. The Court should look past the citation disputes to the substantive pleading standards that govern this motion.

## II. LEGAL STANDARD

Defendants do not dispute that Rule 12(f) permits courts to strike "redundant, immaterial, impertinent, or scandalous matter." Nor do they contest that affirmative defenses must provide "fair notice of the nature of the defense." The question is not whether these standards exist, but whether Defendants' Answer meets them.

As Defendants themselves acknowledge, citing Doe No. 1 ex rel. Doe No. 2 v. Bojangles' Rests., Inc., No. 4:19-CV-26, 2019 WL 2251546, at *2 (E.D. Tenn. May 9, 2019), motions to strike are granted when challenged material "has no possible relation to the controversy" and "cannot succeed under any circumstances." This standard supports striking Defendants' boilerplate pleadings that provide no meaningful information about their defenses.

## III. DEFENDANTS' ANSWER FAILS TO MEET BASIC PLEADING STANDARDS

### A. Defendants' "Lack of Knowledge" Denials Are Improper.

Defendants argue their Rule 8(b)(5) denials based on "lack of sufficient knowledge" are proper. However, Rule 8(b)(5) permits such denials only when a party genuinely lacks knowledge or information sufficient to form a belief about the truth of an allegation. Here, Defendants invoke this standard for matters of public record—such as dates of city council meetings, recorded votes, and published ordinances—that are readily ascertainable from Defendants' records.

For example, Defendants deny knowledge of when their city council met or what actions they took, despite these being matters of public record that any municipal defendant should reasonably be aware of. Such strategic ignorance transforms Rule 8(b)(5) from a legitimate pleading tool into a dilatory tactic that forces Plaintiffs to prove what Defendants already know or could easily determine.

B. Defendants' Abstract Legal Denials Provide No Fair Notice.

Defendants' response misses the point regarding their abstract legal denials. The issue is not whether parties may deny legal conclusions—they may—but whether blanket denials of legal theories without any factual context provide meaningful notice of the defense. When Defendants deny that Plaintiffs' "theories are invalid," "contrary to law," or "preempted" without specifying which theories, which laws, or which legal doctrines apply, they provide no fair notice. Such conclusory denials force Plaintiffs to guess at the factual and legal bases for Defendants' position, precisely the type of gamesmanship Rule 12(f) is designed to prevent.

C. Defendants' Affirmative Defenses Are Insufficiently Pleaded.

*1. Qualified Immunity.*

Defendants cite the unpublished decision, Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006), for the proposition that a bare assertion of qualified immunity provides fair notice. However, qualified immunity is not a blanket shield that officials may invoke without any factual context. The defense requires that the official's conduct be objectively reasonable in light of clearly established law. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

A defense that merely states "qualified immunity" without identifying the specific conduct at issue, the legal standard applied, or the circumstances justifying immunity

provides no meaningful notice. Plaintiffs are left to speculate about which actions Defendant Wear claims were reasonable and under what legal theory.

*2. Tennessee Governmental Tort Liability Act.*

Similarly, Defendants' invocation of the TGTLA without specifying which provisions apply, which immunities are claimed, or how the facts support such immunity fails the fair notice standard. The TGTLA contains numerous specific clauses and exceptions. A blanket assertion does not guide Defendants' actual defense.

*3. Other Boilerplate Defenses.*

Defendants' remaining affirmative defenses—including their prayer for costs and fees (Paragraph 74), common law immunity (Paragraph 75), and conclusory § 1983 compliance defense (Paragraph 77)—similarly lack any factual predicate or specific legal theory. These amount to little more than a checklist of potential defenses without meaningful content.

IV. JURIDICTIONAL DEFENSES

The Plaintiffs argue that jurisdictional challenges must be raised under Rule 12(b)(1), not as affirmative defenses under Rule 8 (c). The Defendants cite C.f. Sony/ATV Music Publ'g, 2011 WL 4728907, which is believed to be Sony/ATV Music Publ'g LLC v. D.J. Miller Music Distribs., No. 3:09-cv-01098, 2011 U.S. Dist. Lexis 116155 (M.D. Tenn. Oct. 7, 2011), which does not deal with jurisdictional defenses but with attorney fees.

V. DEFENDANTS MISCHARACTERIZE THE PREJUDICE STANDARD

Defendants argue Plaintiffs have shown no prejudice, but they misunderstand the nature of the harm. Prejudice in the Rule 12(f) context includes forcing plaintiffs to engage in unnecessary discovery, respond to vague allegations, and litigate issues without fair notice of the defendants' actual positions.

Here, Defendants' boilerplate pleadings force Plaintiffs to:

1. Conduct discovery into every conceivable immunity and defense theory because Defendants have not specified their actual legal theories;
2. Prepare for trial on unclear legal grounds, making case preparation inefficient and potentially inadequate;
3. Expend resources responding to defenses that may ultimately prove inapplicable or waived; and
4. Navigate discovery disputes about the scope and relevance of materials when the defensive theories remain undefined.

This is precisely the type of inefficiency Rule 12(f) is designed to prevent by requiring adequate notice pleading even for defenses.

VI. DEFENDANTS MISCHARACTERIZE THE CONTROLLING CASE LAW

Defendants' response fundamentally mischaracterizes both their own cited authorities and the broader body of case law governing motions to strike affirmative defenses. This mischaracterization undermines their argument that boilerplate pleadings are sufficient under current law.

A. Defendants Mischaracterize Their Own Cited Cases.

**Brewer v. Holland**: Defendants cite this case for the proposition that "bare bones" defenses are sufficient, but the actual holding in Brewer v. Holland, No. 3:16-CV-14-BJB, 2022 WL 608178 (W.D.Ky. Mar. 1, 2022), contradicts their argument. The court in Brewer REFUSED to strike the defenses precisely because they met the fair notice standard—not because it endorsed minimal pleading. Moreover, the court explicitly noted that "failure to state a claim" is not even a true affirmative defense, undermining Defendants' reliance on this case to justify their own "failure to state a claim" defense.

**Tomlin v. City of Eubanks**: Defendants cite Tomlin v. City of Eubanks, No. 5:22-CV-00200-DCR-MAS, 2022 WL 16707970 (E.D.Ky. Nov. 4, 2022), as supporting minimal

pleading requirements, but Tomlin reinforces the need for adequate notice. The court in Tomlin denied the motion to strike because the defendants' affirmative defenses adequately provided "fair notice"—it did not lower the pleading bar or endorse the type of conclusory assertions present in Defendants' Answer.

**Lawrence v. Chabot**: This Sixth Circuit decision, Lawrence v. Chabot, 182 F. App'x442 (6th Cir. 2006), involved qualified immunity in the specific context of attorney licensing disputes, not general pleading standards for affirmative defenses. The case's limited holding regarding qualified immunity cannot support Defendants' broad assertion that all affirmative defenses may be pleaded in purely conclusory terms.

B. Courts Routinely Strike Insufficient Boilerplate Defenses.

Contrary to Defendants' characterization, federal courts regularly grant motions to strike when affirmative defenses are truly boilerplate and lack substantive content:

**Federal Deposit Insurance v. Berry:** In Federal Deposit Insurance v. Berry, 659 F. Supp. 1475 (E.D. Tenn. 1987), this very Court GRANTED a motion to strike under Rule 12(f), this very Court GRANTED a motion to strike under Rule 12(f), finding defenses insufficient as a matter of law, immaterial because they bore no essential relationship to claims asserted, and impertinent in that they didn't pertain to the issues in question. The court emphasized that "weeding out legally insufficient defenses may be extremely valuable to both parties" to avoid "needless expenditure of time and money." This precedent from the Eastern District of Tennessee directly supports Plaintiffs' position that boilerplate defenses lacking substance should be struck.

**Crawford v. MagicStar Arrow Entertainment, LLC**: The Northern District of Texas GRANTED a motion to strike multiple affirmative defenses in Crawford v. Magicstar Arrow Ent., LLC, Civil Action No. 3:22-CV-1935-X, 2023 U.S. Dist. LEXIS 223472 (N.D. Tex. Dec. 14, 2023), explicitly noting that a "simple assertion of a 'failure to state a claim' is

broad and unclear" and requires defendants to provide "at least some information that identifies the purported deficiency." The court struck defenses, including failure to state a claim, laches, waiver, estoppel, and res judicata for being insufficiently pleaded.

**Yoder v. Dolgencorp, LLC**: The Northern District of Indiana GRANTED IN PART a motion to strike in Yoder v. Dolgencorp, LLC., No. 1:24-cv-00171-HAB-SLC, 2024 U.S. Dist. LEXIS 211978 (N.D. Ind. Nov. 21, 2024), striking 13 of the affirmative defenses for being insufficiently detailed under federal pleading requirements. The court emphasized that defendants must provide adequate notice of their defensive theories.

**Colonial Van Lines, Inc. v. Safeway Moving, LLC:** The Southern District of Florida GRANTED IN PART a motion to strike in Colonial Van Lines, Inc. v. Safeway Moving, LLC, No. 9:24-cv-80892-LEIBOWITZ/MCCABE, 2025 U.S. Dist. LEXIS 24305 (S.D. Fla. Feb. 11, 2025), striking defendants' affirmative defenses of willingness, laches, waiver, estoppel, and other defenses as insufficiently pled while allowing properly pleaded defenses to remain.

**Eritrean Association in Greater Seattle v. Gebrekidan:** The Western District of Washington GRANTED a motion to strike all affirmative defenses in Eritrean Ass'n in Greater Seattle v. Gebrekidan, No. 3:24-cv-05517-DGE, 2025 U.S. Dist. LEXIS 23646 (W.D. Wash. Feb. 10, 2025), holding that mere reference to legal doctrines without factual content is insufficient to provide fair notice.

C. The "Fair Notice" Standard Still Requires Substance.

Even under the lenient "fair notice" standard that Defendants advocate, courts consistently require more than mere labels or conclusory assertions:

**Forsythe v. First Financial Investment Fund Holdings, LLC,** No. 2:19-CV-79-TAV-HBG, 2019 U.S. Dist. LEXIS 142531 (E.D. Tenn. Aug. 22, 2019), emphasized that defendants must "fairly respond to the substance of the allegation" rather than providing

conclusory or evasive responses. Directly supporting the argument that Defendants' boilerplate point defenses fail to meet basic notice pleading standards.

**Mills v. Zeichner**: The Western District of Washington struck several affirmative defenses in Mills v. Zeichner, No. C23-1130JLR, 2023 U.S. Dist. LEXIS 180211 (W.D. Wash. Oct. 5, 2023), that failed to provide sufficient information "to avoid unfair surprise," noting that even under the fair notice standard, defenses "must be articulated to such a degree that the plaintiff is not subject to unfair surprise."

D. Defendants Ignore Circuit Split on Pleading Standards.

Defendants' response ignores the significant circuit split regarding pleading standards for affirmative defenses. While some circuits apply only the traditional "fair notice" standard, others require more detailed pleading or have applied Twombly/Iqbal plausibility standards to affirmative defenses. This split undermines Defendants' assertion that minimal pleading is universally accepted and suggests that even under the most lenient standards, their conclusory defenses fail to meet basic requirements.

VII. DEFENDANTS MISCHARACTERIZE PLAINTIFFS' MOTION TO STRIKE

Defendants' response systematically mischaracterizes the nature, scope, and purpose of Plaintiffs' motion, creating straw man arguments that obscure the real pleading deficiencies at issue.

A. Defendants Mischaracterize the Motion as a Blanket Attack on Their Right to Assert Defenses.

Defendants treat Plaintiffs' motion as an improper attempt to eliminate their right to assert legitimate defenses. This fundamentally mischaracterizes the motion. Plaintiffs do not seek to prevent Defendants from asserting any valid defenses—they seek to require that such defenses be pleaded with sufficient specificity to provide fair notice.

For example, Plaintiffs do not argue that Defendant Wear cannot assert qualified immunity. Rather, Plaintiffs argue that a bare assertion of "qualified immunity" without any

factual context about which conduct is claimed to be reasonable, under what legal standard, or in what circumstances fails to meet even basic notice pleading requirements.

The motion targets specific paragraphs containing conclusory assertions, not the underlying defensive theories themselves. Defendants could easily cure these deficiencies by providing minimal factual context for their defenses rather than relying on empty labels.

B. Defendants Incorrectly Claim Plaintiffs Seek to Apply Twombly/Iqbal Standards.

Defendants repeatedly assert that Plaintiffs seek to impose heightened Twombly/Iqbal plausibility pleading on affirmative defenses. This mischaracterizes Plaintiffs' argument. Plaintiffs' motion explicitly acknowledged that affirmative defenses need only meet the "fair notice" standard under Rule 8(c), not the heightened pleading requirements applicable to claims.

However, Defendants confuse "fair notice" with "no notice." Even under the most lenient pleading standards, affirmative defenses must provide some meaningful information about the nature and basis of the defense. A defense that simply states a legal label without any context provides no notice at all.

C. Defendants Characterize the Motion as Tactical Rather Than Addressing Substantive Deficiencies.

Defendants suggest that Plaintiffs' motion is a tactical maneuver designed to burden Defendants or gain some procedural advantage. This mischaracterizes both the motion and the underlying pleading problems.

The motion specifically identifies paragraphs that contain: - Denials of matters within Defendants' knowledge or control - Abstract legal conclusions without factual context - Checklist-style affirmative defenses lacking any substantive content - Procedural reservations that are not defenses at all.

These are not tactical objections but legitimate pleading deficiencies that hinder effective case management and increase litigation costs for all parties.

D. Defendants Overstate the Significance of Citation Issues.

Defendants devote significant time to citation discrepancies while mischaracterizing these as evidence of wholesale misrepresentation. Any citation errors appear to be typographical mistakes, not intentional misrepresentations of legal authority.

Moreover, Defendants ignore that the core legal principles underlying the motion—the authority to strike immaterial matter under Rule 12(f) and the requirement that defenses provide fair notice—are well-established regardless of specific citation format. Their focus on citation format deflects from the substantive pleading issues.

E. Defendants Mischaracterize Plaintiffs' Specificity Requirements.

Defendants suggest that Plaintiffs' demand for extensive factual detail is inappropriate for defensive pleadings. This mischaracterizes the motion. Plaintiffs do not seek detailed factual allegations but rather minimal context that provides fair notice. For instance, instead of simply asserting "Tennessee Governmental Tort Liability Act," Defendants could specify which provisions of the Act they claim apply or which type of immunity they assert. Such minimal context would provide fair notice without imposing undue pleading burdens.

F. Defendants Ignore the Targeted Nature of the Motion.

Defendants respond as if Plaintiffs challenged their entire Answer, when the motion specifically targets particular paragraphs containing the most egregious pleading deficiencies. Plaintiffs did not move to strike every denial or every affirmative defense—only those that provide no meaningful information about Defendants' position. This targeted approach demonstrates that the motion addresses genuine pleading problems rather than attempting to eliminate legitimate defenses through procedural maneuvering.

VIII. DEFENDANTS' CITED AUTHORITY SUPPORTS PLAINTIFFS' POSITION

Ironically, several cases Defendants cite support striking their defenses. For instance, they cite Brewer v. Holland, No. 3:16-CV-14-BJB, 2022 WL608178 (W.D.Ky. Mar. 1, 2022), but that case demonstrates courts' willingness to strike inadequately pleaded defenses when they fail to provide fair notice. Similarly, Defendants' reliance on cases finding "bare bones" defenses sufficient misses the distinction between minimal but adequate pleading and the complete absence of factual or legal specificity present here.

VIII. RULE 12(f) SERVES IMPORTANT CASE MANAGEMENT FUNCTIONS

Defendants' response treats Rule 12(f) as merely technical, but the rule serves crucial case management purposes. Courts routinely strike boilerplate defenses to:

1. Clarify the actual issues in dispute;
2. Prevent shotgun pleading tactics;
3. Facilitate efficient discovery by defining the scope of defensive theories;
4. Ensure meaningful case planning and scheduling; and
5. Promote judicial economy by eliminating spurious claims early.

Allowing Defendants' Answer to stand unchanged undermines these objectives and rewards the very pleading practices Rule 12(f) is designed to discourage.

IX. CONCLUSION

Defendants' response does not cure the fundamental deficiencies in their Answer. Defendants' Answer contains numerous boilerplate denials and conclusory affirmative defenses that fail to provide fair notice and serve only to burden this litigation with unnecessary complexity and expense.

The Court should look past the citation disputes to the real issue: whether Defendants' pleadings meet basic notice requirements. They do not. Accordingly, Plaintiffs respectfully

request that the Court grant their Motion to Strike and require Defendants to replead their Answer with adequate specificity.

For the foregoing reasons, Plaintiffs respectfully renew their request that the Court strike the identified portions of Defendants' Answer as outlined in their original Motion.

Respectfully submitted,

/s/Russ Egli Russ Egli,
Russ Egli, BPR#24408
The Egli Law Firm
Attorney for the Plaintiffs
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-274-8872
theeglilawfirm@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Reply has been filed electronically and served upon all counsel of record through the Court's CM/ECF system.

/s/Russ Egli
Russ Egli
Counsel for the Plaintiffs