# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MIKA RACE & DOUG RACE, ) | |
| ) | Case No. 3:25-cv-34 |
| *Plaintiffs*, ) | |
| ) | Judge Atchley |
| v. ) | |
| ) | Magistrate Judge Poplin |
| CITY OF PIGEON FORGE, TENNESSEE, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Strike [Doc. 21] various portions of Defendants City of Pigeon Forge, Tennessee, and David Wear's Answer to the First Amended Complaint [Doc. 19]. Relying on fictitious or improperly characterized caselaw, Plaintiffs ask the Court to strike numerous provisions of the Answer, including denials, general denials, denials of law, and affirmative defeneses, arguing they are immaterial, impertinent, or redundant. For reasons that follow, the Motion [Doc. 21] will be **DENIED**. Plaintiffs' Counsel is put **ON NOTICE** that future citation to nonexistent authority, blatant mischaracterization of legal authority, or clear mischaracterization of the record will result in sanctions or disciplinary action, as the Court deems appropriate.

### I.     USE OF NONEXISTENT CASELAW BY PLAINTIFFS' COUNSEL

Before discussing the merits of Plaintiff's Motion, the Court finds it necessary to address the purported legal authority cited by Plaintiffs' counsel in both the Motion to Strike [Doc. 21] and supporting Memorandum [Doc. 22]. In both filings, counsel blatantly mispresents the content and holding of several cases.

For example, in one instance, counsel states:

> Courts within this Circuit have applied this "fair notice" standard repeatedly, rejecting boilerplate or conclusory defenses that fail to describe a factual basis: • Tomlin v. City of Eubanks, No. 5:22-cv-00200-DCR-MAS, 2022 WL 16646506, at *2 (E.D. Ky. Nov. 4, 2022) (striking conclusory defenses that lacked any "factual allegations to inform the plaintiff why the defense applies"). • Brewer v. Holland, No. 3:16-cv-14-BJB, 2022 WL 602934, at *2 (W.D. Ky. Mar. 1, 2022) (affirming that "an affirmative defense may be pleaded in general terms" so long as it "gives plaintiff fair notice of the nature of the defense").

[Doc. 21 at 2]. To begin with, neither Westlaw case citation is correct. As Defendants point out [Doc. 23 at 3–4], it appears counsel is referring to *Tomlin v. City of Eubanks*, No. 5:22-CV-00200-DCR-MAS, 2022 WL 16707970 (E.D. Ky. Nov. 4, 2022) and *Brewer v. Holland*, No. 3:16-CV-14-BJB, 2022 WL 608178 (W.D. Ky. Mar. 1, 2022). These incorrect citations appear to be beyond mere typographical errors. More significantly, the explanatory parenthetical of *Tomlin* not only misstates the holding of the case, but the quoted language is not found anywhere in the opinion. Instead of striking certain defenses, the court in *Tomlin* actually denied the motion to strike. *See Tomlin*, 2022 WL 16707970, at *4. While the quoted language from *Brewer* is correct, the case does not stand for the proposition asserted: that courts within the Sixth Circuit have routinely rejected boilerplate or conclusory defenses. To the contrary, the court in *Brewer* explicitly refused to strike several boilerplate defeneses, holding that all that is required is "fair notice." *Brewer*, 2022 WL 608178, at *3.

In two other instances, counsel quotes language from *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986), and *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692 (6th Cir. 2017) that are totally fabricated. [Doc. 22 at 1] and the quoted languag does not appear in the cited case. In the same vein, counsel quotes and objects to language in Defendants' Answer that cannot be found anywhere in that document. Counsel claims that paragraphs 37–38, 40–47, 49–51, and 59 of Defendants' Answer include language such as "invalid," "contrary to law," or "preempted." [Doc. 21 at 3]. But the language Plaintiffs argue is

improper does not appear in any of the cited paragraphs, or indeed anywhere in Defendants' Answer.

Confronted with these errors and fabrications, Plaintiffs' counsel urges the Court to "look past the citation disputes." [Doc. 24 at 1]. Attorney Egli argues that any citation errors "appear to be typographical mistakes." [*Id.*]. Wholly fabricated language can not be disregarded as merely a 'typographical error.' It is one thing to add an extra letter to a word; it is another to invent entire sentences and call them mistakes.

Unfortunately, this is not the only time Plaintiffs' counsel has cited incorrect or nonexistent caselaw in a filing with this Court. *See Axis Dynamics, Inc., et. al. v. Knox County, Tennessee, et al.*, 3:24-cv-329, Doc. 92 at 6– 9 (July 29, 2025).[1] It is not clear to the Court whether counsel's improper citations are the product of a lack of diligence, an irresponsible use of generative artificial intelligence, or an intentional attempt to mislead the Court. Whichever it is, it is unacceptable. Fictitious or misleading legal citations waste the Court's limited resources, drain the opposing party's time and money, and are a disservice to the party represented. However, the Court's previous admonition to counsel regarding this type of misconduct was issued after the relevant filings in this case.

Accordingly, counsel for Plaintiffs will not be sanctioned at this time. Counsel is **AGAIN REMINDED** that the Tennessee Rules of Professional Conduct and the Federal Rules of Civil Procedure prohibit misrepresenting the law to the Court. *See* Tenn. Sup. Ct. R. 8, Rule 3.3; Fed. R. Civ. P. 11(b); *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766 (6th Cir. 2014) ("Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court."). Plaintiffs' counsel is **CAUTIONED** that future citations to

---

[1] Attorney Egli was "placed ON NOTICE that future citations to fictitious authority or the misrepresentation of actual authority will result in sanctions." *Axis Dynamics, Inc., et. al.*, Doc. 92 at 9 n.1.

fictitious authority, misrepresentation of actual authority, or blatant mischaracterization of documents in the record will result in sanctions. Sanctions may include striking filings that contain improper citations of this nature or the payment by counsel of the opposing party's attorneys fees reasonably incurred in responding to the offending filing.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of such a motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (cleaned up, citation omitted). Motions to strike are disfavored and not frequently granted. *Id.*; *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice").

Affirmative defenses may be stricken, however, "if it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d at 1050 (reversing district court's denial of motion to strike because affirmative defense of laches was not a bar to the specific claim asserted); *but see CapStar Bank v. Perry*, No. 3:17-cv-01221, 2018 WL 3389712, at *5 (M.D. Tenn. July 12, 2018) (court should only strike defenses that are "so legally insufficient that it is beyond cavil that defendants could not prevail on them" (citation omitted)).

## III. ANALYSIS

Plaintiffs present a flurry of objections to numerous paragraphs in Defendants' Answer, most of which run counter to wellsettled legal principles and lack any merit. Plaintiffs group these

objections into three main categories, which the Court addresses in turn.

1. *Immateral and Impertinent Denials*

   a. *"Lack of Information" and "Strict Proof" Denials*

First, Plaintiffs move to strike paragraphs 11–14, 17–18, 21–24, and 35 in which Defendants assert, *inter alia*, a lack of sufficient knowledge to admit or deny and demand strict proof. [Doc. 21 at 3]. The Court has reviewed these paragraphs and finds they comply with Rule 8 of the Federal Rules of Civil Procedure and do not rise to the level of being immaterial, impertinent, or redundant. Rule 8 specifically allows a party to respond to an allegation by pleading a lack of knowledge or information sufficient to form a belief. *See* Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."). In each of Defendants' responses, they have either admitted, denied, or stated a lack of insufficient knowledge, which is in full compliance with Rule 8.

According to Plaintiffs, since some of the allegations contained in each paragraph can be found in public records, denial based on lack of sufficient information is improper under Rule 12(f), because it forces Plaintiffs to prove information that Defendants can easily ascertain. [*See* Doc. 22 at 2]. To back up this claim, Plaintiffs cite to *Kennedy v. City of Cleveland*, 797 F.2d 297 (6th Cir. 1986); [Doc. 22 at 2]. However, not only does *Kennedy* not support this contention, but, as explained above, Plaintiffs cite language that is wholly nonexistent in the case. *See Kennedy*, 797 F.2d at 305 (discussing whether the trial judge made an error when striking a Rule 59(e) motion); [Doc. 22 at 2]. In fact, this Court is unaware of any Sixth Circuit precedent that supports the proposition that a party's denial under Rule 8(b)(5) is improper if the assertion can be found in public records or is easily accesible. *See N.Y. Life Ins. Co. v. Robinette*, No. 2:21-CV-179, 2022

U.S. Dist. LEXIS 243161, at *6–7 (E.D. Tenn. June 10, 2022) (denying a motion to strike a denial under 8(b)(5) even though the information was easily ascertainable and could be found in public records). Since Defendants included a proper denial in each of the relevant paragraphs and nothing suggests they have acted in bad faith, the denials are not subject to being stricken.

Plaintiffs contend the same paragraphs are improper because Defendants deny the allegations but also purport to demand "strict proof" thereof. [Doc. 21 at 3]. While it is true that answers that "neither admit nor deny, but simply demand proof of the plaintiff's allegations are insufficient to constitute a denial," Defendants' answers contain more than a simple demand for "strict proof." *See Bailey v. Gibson Hotel Mgmt.*, No. 3:18-CV-167, 2018 U.S. Dist. LEXIS 189659, at *10–11 (E.D. Tenn. Nov. 6, 2018). Each of Defendants' responses includes either an admission, denial, or denial through insufficient knowledge. [Doc. 19]. Therefore, notwithstanding the inclusion of a demand for strict proof, Defendants have "fairly respond[ed] to the substance of the allegation," and have not violated Rule 8. Fed. R. Civ. P. 8(b)(2).

b. *Abstract Legal Denials*

Plaintiffs' request to strike paragraphs 37–38, 40–47, 49–51, and 59 as "abstract legal denials" is not well-taken. [Doc. 21 at 3]. Plaintiffs attempt to argue that these paragraphs are improper defenses under Rule 12(f) because they include language such as "invalid," "contrary to law," or "preempted" without any factual assertions. However, as stated above, that language cannot be found anywhere in Defendants' Answer. [*See* Doc. 19]. Notwithstanding Plaintiffs' blatant mischaracterization of Defendants' Answer, the paragraphs more aptly fall under the ambit of Rule 8(b) as denials, not defeneses under Rule 12. *See Berryman v. Stephenson*, No. 2:21-cv-10925, 2022 U.S. Dist. LEXIS 132409, at *7–8 (E.D. Mich. April 26, 2022) ("Rule 12(f) only allows courts to strike insufficient defenses or "redundant, immaterial, impertinent, or scandalous"

6

matters from a pleading. Fed. R. Civ. P. 12(f). But a statement that an allegation need not be answered because it constitutes a legal conclusion falls under none of these categories."). Each of the paragraphs Plaintiffs cite either admits or denies an allegation, which is all that is required under Rule 8(b). [Doc. 19].

Even though many of Defendants' responses assert that the allegations in Plaintiffs' Amended Complaint "constitute legal allegations which are not properly pled," each one also says the allegations are "therefore denied" or language to similar effect. [*Id.*]. In any event, Defendants' answers in these paragraphs do not violate Rule 8 because they "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

### c. *Boilerplate General Denial and Reservation of Rights*

First, Plaintiffs argue the Court should strike paragraph 78 of Defendants' Answer because it is a "boilerplate" denial that is a "paradigmatic redundant and impertinent general denial." [Doc. 21 at 3]. Paragraph 78 of Defendants' Answer is a catch-all denial that states: "Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein." [Doc. 19 at 15]. A cursory review of Rule 8(b)(3) shows that a party may "generally deny all [allegations] except those specifically admitted." Such a response does not warrant the "drastic remedy" of striking. *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822.

Second, Plaintiffs take issue with paragraphs 79–80, arguing that a reservation of rights to file future motions or amend the Answer is a "procedural placeholder, not a defense, and should be striken as immaterial." [Doc. 22 at 3]. However, many district courts have found that a reservation of rights via affirmative defense is appropriate. *See Sony/ATV Music Publ. LLC v. D.J. Miller Music Distribs.*, No. 3:09-cv-01098, 2011 U.S. Dist. LEXIS 116158, at *45 (M.D. Tenn Oct. 7, 2011) (citing multiple district courts that have denied a motion to strike a reservation of
7

matters from a pleading. Fed. R. Civ. P. 12(f). But a statement that an allegation need not be answered because it constitutes a legal conclusion falls under none of these categories."). Each of the paragraphs Plaintiffs cite either admits or denies an allegation, which is all that is required under Rule 8(b). [Doc. 19].

Even though many of Defendants' responses assert that the allegations in Plaintiffs' Amended Complaint "constitute legal allegations which are not properly pled," each one also says the allegations are "therefore denied" or language to similar effect. [*Id.*]. In any event, Defendants' answers in these paragraphs do not violate Rule 8 because they "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

### c. *Boilerplate General Denial and Reservation of Rights*

First, Plaintiffs argue the Court should strike paragraph 78 of Defendants' Answer because it is a "boilerplate" denial that is a "paradigmatic redundant and impertinent general denial." [Doc. 21 at 3]. Paragraph 78 of Defendants' Answer is a catch-all denial that states: "Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein." [Doc. 19 at 15]. A cursory review of Rule 8(b)(3) shows that a party may "generally deny all [allegations] except those specifically admitted." Such a response does not warrant the "drastic remedy" of striking. *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822.

Second, Plaintiffs take issue with paragraphs 79–80, arguing that a reservation of rights to file future motions or amend the Answer is a "procedural placeholder, not a defense, and should be striken as immaterial." [Doc. 22 at 3]. However, many district courts have found that a reservation of rights via affirmative defense is appropriate. *See Sony/ATV Music Publ. LLC v. D.J. Miller Music Distribs.*, No. 3:09-cv-01098, 2011 U.S. Dist. LEXIS 116158, at *45 (M.D. Tenn Oct. 7, 2011) (citing multiple district courts that have denied a motion to strike a reservation of

rights defense). Moreover, while Defendants may assert that they reserve the right to amend the pleadings, any amendment must still conform to the requirements of Rule 15. *F.T.C. v. Bronson Partners, LLC*, No. 3:04CV1866(SRU), 2006 U.S. Dist. LEXIS 3315, at *3 (D. Conn. Jan. 25, 2006) (denying a "motion to strike the reservation of right to add affirmative defenses because the defendants do retain the right [under Rule 15(a)] to seek leave of the court to amend their answer"). Accordingly, this Court will not strike paragraphs 79–80.

### 2. Insufficient and Redundant Affirmative Defenses

Plaintiffs' request to strike most of Defendants' affirmative defenses is similarly misplaced. Plaintiffs object to seven of Defendants' affirmative defenses: (1) failure to state a claim, (2) qualified immunity, (3) Tennessee Governmental Tort Liability defense, (4) prayer for costs and fees, (5) common law good faith immunity, (6) jurisdictional defenses, and (7) defenese under § 1983 and state law compliance. [Doc. 21]. In the interest of time and judicial resources, the Court will review all of these objections together, most of which lack merit altogether.

When pleading an affirmative defense, the Sixth Circuit has explicitly held that "'[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 Fed. Appx. 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274). In essence, fair notice is all that is required to properly plead an affirmative defense. *Sony/ATV Music Publ. LLC*, No. 3:09-cv-01098, 2011 U.S. Dist. LEXIS 116158, at *41 (refusing to strike the defendants' affirmative defenses, including one for failure to state a claim, even though they were pled without factual allegations).

Here, Defendants have clearly met that low burden by giving Plaintiffs notice of the affirmative defeneses they intend to raise. [Doc. 19]. For instance, Defendants raise the affirmative

defense of failure to state a claim in paragraph 71; Plaintiffs contend that a failure to state a claim belongs in a Rule 12(b)(6) motion and not in an answer. [Doc. 21 at 3]. Again, a cursory reading of Rule 12(b) reveals that "[e]very defense to a claim for relief in any pleading must be asserted in a responsive pleading if one is required. But a party *may assert* the following defenses by motion: … (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b) (emphasis added). While Rule 12 provides that a party *may* assert the defense in a motion, it specifies that it *must* be asserted in a responsive pleading, which includes an answer. Asserting the affirmative defense of failure to state a claim in an answer is a common practice.

Each of Defendants' affirmative defenses meets the baseline requirement: fair notice. Nothing more is required. Moreover, each defense relates to the cause of action and is not clearly insufficient. "[I]f the insufficiency of the defense is not clearly apparent," a motion to strike should not be granted. *Wirtgen America, Inc. v. Hyaden-Murphy Equip. Co.*, No. 3:22-cv-00308, 2023 WL 5917404, at *5 (M.D. Tenn. Sept. 11, 2023) (citation omitted). Even if the defenses here were only tangentially related, the Court would exercise its discretion to permit the defenses to stand. *See Townsend v. Guidance Ctr.*, No. 2:23-cv-11188, 2023 WL 5539031, at *3 (E.D. Mich. 2023) (because Rule 12(f) provides that the Court "may strike" irrelevant defenses or let them stand, there is no harm in allowing them to remain in the pleadings if they are inapplicable); *Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) ("Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand.").

3. *Prejudice and Judicial Economy*

In a final attempt to strike Defendants' answer, Plaintiffs include a catch-all objection. They argue that requiring them to respond to Defendants' defenses wastes "judicial economy" and

9

forces them to engage in "wasteful litigation" over "irrelevant" issues. [Doc. 22 at 5]. This contention is wholly unpersuasive. Indeed, it is Plaintiffs' inaccurate citations and mischaractization of the Answer that have created an unnecessary burden on the Court and opposing parties. The Court finds no reason to strike any of Defendants' Answers.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion to Strike [Doc. 21] is **DENIED**. Plaintiffs' counsel is **CAUTIONED** that future citations to fictitious authority or misrepresentation of actual authority will result in sanctions, which may include payment of opposing counsel's attorneys fees incurred in responding to improper authority and striking offending pleadings from the record.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**