UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MIKA RACE & DOUG RACE,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF PIGEON FORGE, TENNESSEE, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:25-cv-34<br><br>Judge Atchley<br><br>Magistrate Judge Poplin |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Plaintiffs' Objection and Memorandum to Magistrate Judge's Order Granting Motion to Amended Answer [Doc.72]. [Doc. 76]. For the reasons that follow, Plaintiffs' objections will be **OVERRULED**.

## I. BACKGROUND

Plaintiffs Doug and Mika Race claim that through a series of nearby property transactions and legal maneuverings, Defendants conspired to deprive them of their property at 362 Ogle Drive, Pigeon Forge, Tennessee, in violation of their constitutional rights. They further claim the City of Pigeon Forge (the "City") and the City's former mayor, David Wear (collectively, the "City Defendants"), violated their First Amendment rights by retaliating against them for protected speech. Particularly relevant to Plaintiffs' objections is a condemnation proceeding initiated by the City on January 12, 2024. [Doc. 14 at ¶ 48].

Plaintiffs filed suit against Defendants on January 23, 2025. [Doc. 1]. Following the filing of the parties' Rule 26(f) report, the Court entered a Scheduling Order [Doc. 13], providing the deadline to amend pleadings as November 18, 2025. Plaintiff, on the same day the Court entered

the Scheduling Order, filed their First Amended Complaint. [Doc. 14]. The parties subsequently requested the Court modify the Scheduling Order and continue all unexpired deadlines. [Doc. 45]. On December 10, 2025, the Court granted this request but did not modify the deadline to amend pleadings. [Doc. 46].

On December 31, 2025, the City Defendants filed a motion for judgment on the pleadings, arguing: "(1) that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine as the Plaintiffs' federal claims are inextricably intertwined with an existing state court judgment; (2) that this Court should abstain under *Younger* given the compelling state interest in the performance of a state's judicial functions; and (3) that this Court should abstain under *Colorado River* given the pending parallel proceedings in state court." [Doc. 48 at 1]. The undersigned entered a Memorandum Opinion and Order on April 23, 2026, (the "April 23 Order") granting the motion in part. [Doc. 56]. Specifically, the Court found that it lacked jurisdiction over Plaintiffs' public-use Takings Clause claim under *Rooker-Feldman* but that the same jurisdictional bar did not apply to Plaintiffs' remaining claims. [*Id.* at 14–21]. The Court further held that abstention was not warranted under *Younger v. Harris*, 401 U.S. 37 (1971), or *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). [*Id.* at 21–25].

Just eleven days after the Court's entry of the April 23 Order, Judge Jeremy Ball of the Circuit Court for Sevier County, Tennessee, signed an Agreed Order of Final Judgment ("Final Judgment") in the condemnation proceeding. [Doc. 59-2]. The Final Judgment provides that the parties "have reached an agreement on the remaining issue to be decided as to just compensation" and that the order "should not be modified." [*Id.*]. On May 8, 2026, approximately four days after entry of the Final Judgment but 171 days after the deadline to amend pleadings, the City Defendants filed a Motion to Amend Answer [Doc. 59], seeking to assert various estoppel and

preclusion defenses. The City Defendants contend that good cause exists to allow the amendment because they "are making this motion at the first available opportunity after these defenses have become ripe" due to the "entry of final judgment in the parallel proceedings in Sevier County Circuit Court. [*Id.* at 1, 7]. Plaintiffs responded in opposition to the motion, arguing that the Court should deny the request because it is untimely, will cause prejudice, and is futile. [Doc. 61 at 3–8].

On June 26, 2026, Magistrate Judge Debra C. Poplin issued a Memorandum and Order (the "Magistrate Judge Order") granting the City Defendants' Motion to Amend. [Doc. 72]. The Magistrate Judge, pursuant to Federal Rule of Civil Procedure 16(b), found good cause to permit the amendment based on the City Defendants' prompt filing of its motion mere days after entry of the Final Judgment. [*Id.* at 4–6]. The Magistrate Judge reasoned that the City Defendants' estoppel and preclusion defenses became ripe upon entry of the Final Judgment, which excused the City Defendants' failure to meet the deadline to amend pleadings in the Court's Scheduling Order. [*Id.*]. The Magistrate Judge further held that Plaintiffs failed to show how they would suffer any prejudice or how the amendment would be futile. [*Id.* at 6–11].

Plaintiffs, thereafter, filed objections to the Magistrate Judge Order on July 3, 2026. [Doc. 76]. Plaintiffs contend that the Magistrate Judge Order is clearly erroneous and contrary to law because it "misapplies Rule 16, permits Defendants to resurrect legal theories already rejected by the District Judge, and fails to properly account for the resulting prejudice to Plaintiffs." [*Id.* at 1]. The City Defendants responded in opposition [Doc. 79], and Plaintiffs have replied [Doc. 80]. The matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

When a pretrial matter is not dispositive of a party's claim or defense, a district judge may

refer the matter to a magistrate judge to hear and decide. FED. R. CIV. P. 72(a). The magistrate judge must conduct any required proceedings and may, when appropriate, issue a written order stating its decision, to which a party can object within 14 days. FED. R. CIV. P. 72(a). The district judge must consider any timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. *Id.*; 20 U.S.C.A. § 636(b)(1)(A) (if a party shows the magistrate judge's order is "clearly erroneous or contrary to law," the district judge "may reconsider any pretrial matter" that a magistrate judge has been designated to hear and determine). This standard "provides considerable deference to the determinations" of magistrate judges. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (internal citation omitted).

The district judge reviews factual findings for clear error and reviews conclusions of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F. 3d 205, 219 (6th Cir. 2019). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Id.* A legal conclusion is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

## III. ANALYSIS

Plaintiffs assert the following three primary objections to the Magistrate Judge's Order: (1) it "misapplies Rule 16(b)'s good-cause standard by measuring Defendants' diligence from the date the state-court condemnation judgment became final rather than from the Court's November 18, 2025, deadline for amending pleadings; (2) it "erred in concluding that Plaintiffs would suffer no prejudice" based on the "substantial additional discovery" that the amendment would necessitate; and (3) its rejection of "Plaintiffs' futility argument is contrary to law because it disregards" the April 23 Order. [Doc. 76 at 4–6]. In response, the City Defendants argue that the Magistrate

Judge's Order was a "sound exercise of discretion grounded in the record and consistent with governing law." [Doc. 79 at 1]. The Court will analyze each objection in turn.

As an initial matter, Federal Rule of Civil Procedure 15(a)(2) requires leave to amend be freely given "when justice so requires." Courts, when analyzing a motion to amend, consider undue delay in filing, lack of notice to the opposing party, bad faith by the movant, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Rule of Civil Procedure 16(b) permits a modification of a court's scheduling order "for good cause." Therefore, "[w]hen a party moves to amend after the court's Rule 16(b) deadline for amending pleadings, Rule 15(a) and Rule 16(b) must be analyzed together." *Frye v. Baptist Mem. Hosp., Inc.*, No. 07-2708, 2010 U.S. Dist. LEXIS 166017, *3 (W.D. Tenn. Aug. 31, 2010) (internal citation omitted). "The court must consider both Rule 15's liberal amendment mandate and Rule 16's good cause requirement." *Id.* (internal citation and quotations omitted).

*a. Good Cause*

Plaintiffs' first objection primarily challenges the Magistrate Judge's conclusion that the City Defendants diligently pursued amendment after entry of final judgment in the condemnation proceedings. [Doc. 76 at 6–9]. Plaintiff contends that this conclusion "rewrites Rule 16 by measuring diligence from an anticipated triggering event rather than from the court-ordered deadline." [*Id.* at 7]. Plaintiffs' objection, however, rests on an artificially narrow view of Rule 16(b)'s good-cause inquiry and is without merit.

Although Rule 16(b)'s diligence inquiry is necessarily tied to the scheduling-order deadline, diligence cannot be assessed in isolation from the circumstances giving rise to the proposed amendment. In other words, the scheduling-order deadline does not exist in a vacuum

like Plaintiffs counsel would like to believe. Good cause exists under Rule 16(b) if the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). Thus, the diligence inquiry considers when a party could have reasonably and viably sought the amendment, not merely how much time elapsed between the scheduling-order deadline and the request to amend.

Here, the Court finds that the City Defendants could not have reasonably asserted their proposed defenses before the amendment deadline. The City Defendants' proposed preclusion and estoppel defenses only became ripe upon the entry of the Final Judgment in the condemnation proceedings. *Elam v. Aurora Servs. Loan, LLC*, No. 2:17-cv-02188-TLP-tmp, 2018 U.S. Dist. LEXIS 75477, at *6 (W.D. Tenn. May 2, 2018) ("As a preliminary matter, both claim and issue preclusion require a prior adjudication, a 'final judgment on the merits.'"). No such judgment existed when the amendment deadline expired. And Plaintiffs' argument regarding the foreseeability of the Final Judgment is immaterial. Courts within the Sixth Circuit have uniformly held that preclusion defenses are unavailable until an underlying final order has been entered. *See Belluardo v. Cox Enters.*, 157 Fed. Appx. 823, 830 (6th Cir. 2005) (defendants did not waive their affirmative defense of res judicata when they brought a dispositive motion as soon as state court case was final and the defense became available to them in the federal court case); *Hilman v. Am. Axle & Mfg.*, No. 05-CV-73162-DT, 2006 U.S. Dist. LEXIS 9499, at *15 (Feb. 22, 2006) ("In this case, however, the defense of res judicata was not available to Defendant until the state court issued its final order on November 17, 2005. The defense is therefore not barred because Defendant timely moved to dismiss this action on res judicata grounds within one month after the defense became available to it.")

"Had [the City Defendants] initially asserted [their preclusion defenses] without reasonable grounds for doing so, [they] would have been vulnerable to Plaintiffs' attacks on the defense. There existed, therefore, a sound basis for not seeking leave to amend before now."[1] *1704 Farmington, LLC v. City of Memphis*, No. 08-2171-STA, 2009 U.S. Dist. LEXIS 59022, at *9 (W.D. Tenn. July 10, 2009) (good cause existed to amend answer more than nine months after the deadline for amendment to include a defense that was unavailable until learning it through discovery). Moreover, the City Defendants filed their Motion to Amend just four days after the state court entered the Final Judgment. [Doc. 59; Doc. 59-2]. The Court fails to see how the City Defendants were anything but diligent.[2]

Plaintiffs also argue that the Magistrate Judge's reliance on *Tennessee Riverkeeper, Inc. v. City of Lawrenceburg, Tennessee by & Through Lawrenceburg Bd. of Utilities Comm'n*, No. 1:20-CV-00052, 2023 U.S. Dist. LEXIS 123416 (M.D. Tenn. July 18, 2023), is misplaced. [Doc. 76 at 8–9]. Specifically, Plaintiffs contend that the court in *Tennessee Riverkeeper* "treated diligence in meeting court deadlines—not promptness after a trigger—as the controlling inquiry."

---

[1] Plaintiffs further contend that the City Defendants' failure to plead their preclusion defenses in the alternative undermines their assertion that the defenses were "unavailable." [Doc. 80 at 3–4]. But, again, courts recognize preclusion defenses as unavailable, and therefore do not have to be raised, until a final judgment has been entered. *See Belluardo*, 157 Fed. Appx. at 830; *Hilman*, 2006 U.S. Dist. LEXIS 9499, at *15.

[2] Plaintiffs cited cases in support of their assertion that the City Defendants were not diligent are inapplicable based on the facts of this case. [*See* Doc. 76 at 8 (citing *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879-80 (6th Cir. 2020); *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 844 (6th Cir. 2024))]. In *Garza*, the Sixth Circuit affirmed the denial of a request to amend because the plaintiff "had all the information [she] needed to timely allege" her additional claims at the time she filed her initial complaint and prior to the expiration of the deadline to amend. 972 F.3d at 879. The City Defendants, conversely, could not move to amend to add their preclusion defenses until after the Final Judgment had been entered. And the Court in *Ogbonna-McGruder* did not engage in a good-cause analysis because the plaintiff failed to adequately raise the issue on appeal. 91 F.4th at 844–45.

[*Id.*]. Though, this contention makes little sense considering the court based its decision to deny leave to amend on the defendant "having waited several months *after the Consent Order was final* before seeking leave to amend." 2023 U.S. Dist. LEXIS 123416, at *21 (emphasis added). Unlike the defendant in *Tennessee Riverkeeper*, the City Defendants waited four days to move to amend after entry of the Final Judgment. It is abundantly clear, based on the factual differences between the cases, that the Magistrate Judge committed no error in distinguishing the facts in *Tennessee Riverkeeper* from those in this case.

Accordingly, the Court agrees with the Magistrate Judge's well-reasoned conclusion that, based on the type of defenses asserted in connection with the Final Judgment, the City Defendants have shown good cause for the amendment.

*b. Prejudice*

Plaintiffs next object to the Magistrate Judge's finding that they will not be prejudiced by the amendment. [Doc. 76 at 9–13]. Although Plaintiffs argued that "the prejudice to [them] would be both concrete and severe," the Magistrate Judge faulted them for not providing any "concrete explanation for what additional discovery will be needed or why such initial discovery cannot be completed within the applicable deadlines." [Doc. 72 at 7 (citing Doc. 63 at 30)]. It is incumbent upon the party opposing an amendment to sufficiently explain what discovery, if any, will be necessary, and the Court agrees that Plaintiffs plainly failed to do so here. *See Jackson v. Sanofi-Aventis U.S. LLC (In re Cases)*, No. 3:23-cv-00553, No. 3:23-cv-01137, 2024 U.S. Dist. LEXIS 48896, at *27 (Jan. 29, 2024) ("To prevail in defeating a motion to amend, 'the party opposing . . . must make some significant showing of prejudice.'" (citing *Security Ins. Co. v. Kevin Tucker & Assocs.*, 64 F.3d 1001, 1009 (6th Cir. 1995))); *Windrock, Inc. v. Resonance Sys., Inc.*, No. 3:21-CV-288, 2023 WL 3990051, at *6 (E.D. Tenn. June 13, 2023) (allowing the plaintiff to amend its

complaint noting that "[d]efendants do not sufficiently explain why additional extensive discovery will be necessary, nor do [d]efendants explain the time and resources that will be necessary if the Court allows the amendment" (internal citation omitted)).

Plaintiffs' Objection largely repeats the same conclusory and generalized assertions of prejudice, although they briefly explain how discovery may be affected. [Doc. 76 at 9–10]. Plaintiffs, however, may not "'raise at the district court stage new arguments or issues that were not presented to the magistrate.'" *Drane v. Michigan*, No. 1:25-cv-1478, 2026 U.S. Dist. LEXIS 56902, at *4 (W.D. Mich. Mar. 18, 2026) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Even so, any resulting prejudice would be minimal. The asserted defenses are primarily legal in nature and will be resolved through application of the law rather than an intensive fact-finding process. And as the City Defendants point out, most of the factual issues that would be relevant to any preclusion defenses are likely reflected in the state-court record and would not necessitate the type of expansive new discovery Plaintiffs claim.

Moreover, each of Plaintiffs' cited cases is materially distinguishable because, unlike the City Defendants here, the parties in those cases were unreasonably dilatory in seeking amendment and could not demonstrate good cause for their delay. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("The plaintiff was obviously aware of the basis of the claim for many months . . . [and] delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed."); *Wade v. Knoxville Utilities Board,* 259 F.3d 452, 458–59 (6th Cir. 2001) (plaintiff offered no explanation for having waited a year and a half before filing the motion to amend, which was after the dispositive motion deadline and extensive discovery); *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806-07 (6th Cir. 2005) (plaintiff failed to provide good cause for not meeting the

amendment deadline); *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019) ("Had KCP explained its tardiness, it may have shown that the timing of the motion—by itself—was not sufficient to deny the motion outright."). In contrast to Plaintiffs' cited cases, the Court has already explained that the City Defendants have demonstrated good cause for the delay and the inclusion of their defenses will not materially prejudice Plaintiffs.

Accordingly, the Court finds that the Magistrate Judge did not err in finding that Plaintiffs would not be prejudiced by the amendment.

*c. Futility*

Plaintiffs' final objection to the Magistrate Judge's Order lies in a fundamental misunderstanding of the Court's April 23 Order and the law at issue. Plaintiffs contend that the April 23 Order forecloses the City Defendants' reliance on preclusion defenses because, in finding that *Rooker-Feldman* did not apply, the Court determined that Plaintiffs' remaining claims were independent of any state court judgment. [Doc. 76 at 13–16]. The logic therefore goes, as Plaintiffs contend, that since the remaining claims are independent of any final state-court judgment, preclusion defenses do not implicate anything involved in the remaining claims. [*Id.*].

Plaintiffs' argument, however, turns the Court's prior ruling on its head. The Court emphasized that Sixth Circuit caselaw made clear that "a plaintiff's lawsuit would undermine a judgment's legal underpinnings *implicates preclusion*, not jurisdiction. [Doc. 56 at 18 (emphasis added) (citing *HPIL Holding, Inc. v. Zhang*, 168 F.4th 944, 950 (6th Cir. 2026); *McCormick v. Braverman*, 451 F.3d 382, 392–93 (6th Cir. 2006))]. Plaintiffs, in support of their argument that preclusion defenses no longer apply, even point out that "the April 23 Order repeatedly invoked the principle that 'when *Rooker-Feldman* does not apply because the lawsuit challenges wrongdoing in the proceedings leading to a judgment, the appropriate analytical tool is preclusion

law.'" [Doc. 76 at 14]. The Court is hard-pressed to understand how a statement expressly identifying preclusion law as the appropriate analytical framework can reasonably be read to foreclose its application. In other words, Plaintiffs' argument is self-defeating.

The distinction is straightforward. *Rooker-Feldman* asks whether a federal court lacks jurisdiction because the plaintiff seeks, in substance, to overturn a state-court judgment. Preclusion, by contrast, asks what effect that judgment, or the issues litigated, has on claims properly before the federal court. Thus, the fact that Plaintiffs' claims are independent of the state-court judgment for purposes of *Rooker-Feldman* does not somehow immunize those claims from any preclusive effects. *See McCormick*, 451 F.3d at 392–93 ("Instead, the Supreme Court has instructed that preclusion law is the appropriate solution for these independent claims. It bears repeating that [i]f a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."). To the contrary, once *Rooker-Feldman* is found inapplicable, "anything less is a job for the non-jurisdictional and truly doctrinal requirements of issue and claim preclusion." *HPIL Holding*, 168 F.4th at 952.

Plaintiffs' contention that the Court's April 23 Order somehow disposed of the City Defendants' preclusion defenses therefore rests on a conflation of two distinct doctrines and, more importantly, misreads the very language on which Plaintiffs rely. Indeed, because *Rooker-Feldman* does not apply, preclusion provides the most appropriate avenue for the City Defendants to proceed.[3]

[3] Plaintiffs also contend that "[a]llowing Defendants to reassert preclusion arguments would permit relitigating of issues already decided by this Court." [Doc. 76 at 16]. Not so. The Court, in the

Plaintiffs then go on to assert "three independent grounds all grounded in the [] April 23 Order" to explain why the City Defendants' preclusion defenses are futile. [Doc. 76 at 14–16]. Each of these arguments largely attempt to argue why the City Defendants' preclusion defenses do not apply to Plaintiffs' remaining claims. However, "[t]he Court need not determine at the motion to amend stage whether [Plaintiffs'] defense[s] will ultimately prevail." *Union Ins. Co. v. Delta Casket Co.*, No. 06-2090, 2009 U.S. Dist. LEXIS 140030, at *17 (W.D. Tenn. July 14, 2009). The Court agrees with the Magistrate Judge that, based on the complex constitutional issues raised, the parties and the Court would benefit from a more developed record and briefing on the issues. [Doc. 72 at 10–11 (collecting cases standing for the proposition that futility does not provide a mandatory basis to deny leave to amend, especially when the court can benefit from further briefing)].

In considering whether a motion to amend should be denied as futile, the Court must determine whether the proposed amendment could withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). Naturally, then, to avoid a futility characterization, the proposed amendment must satisfy the Rule 12(b)(6) standard and contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Notwithstanding this general framework, many courts, for reasons of practicality, decline to engage in a futility analysis at the motion to amend phase and opt instead to assess questions of plausibility later when ruling on a motion to dismiss or subsequent dispositive motion. As one court aptly explained:

---

April 23 Order, made clear that it was not issuing any ruling on preclusion, emphasizing that "the Court has no occasion to consider whether preclusion applies." [Doc. 56 at 15–16 n.9].

> Strictly from a pragmatic standpoint, if a proposed amendment to a complaint is futile, the safer course of action for both the defendant and the court, or so it would seem, would be to allow amendment. If the amendment is truly futile, the pending motion to dismiss will be utterly unaffected, and one issue on appeal is promptly put beyond plaintiff's reach.

*Artrip v. Norfolk S. Ry. Co.*, No. 2:08-CV-200, 2008 WL 11452526, at *2 (E.D. Tenn. Aug 15, 2008).

The Court finds these pragmatic considerations persuasive and applicable to the facts of this case. Plaintiffs have raised multiple arguments as to why the proposed amendment would be futile. [*See generally* Doc. 76 at 14–16]. Rather than address the merits of Plaintiffs' arguments in these circumstances, the Court concludes that the most practical and efficient course of action is to allow the amendment and consider any arguments pertaining to the plausibility of the City Defendants' claims in the context of a dispositive motion on the issue, whereby the parties can fully brief the sufficiency of the arguments under appropriate briefing schedules, requirements, and procedural safeguards.

Accordingly, the Court finds that the Magistrate Judge did not err in finding that the Plaintiffs have not met their burden to show futility at this juncture.

## IV. CONCLUSION

Under Rule 16(b), the Court agrees with the Magistrate Judge that the City Defendants' have demonstrated good cause as to the delay in moving to amend their answer. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (cleaned up). Plaintiffs have not demonstrated why any resulting prejudice or futility should permit the Court to depart from Rule 15(a)'s liberal mandate.

For the foregoing reasons, Plaintiffs' Objections [Doc. 76] are **OVERRULED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**